

**U.S. Department of Justice**

*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*310 West 6th Street*           (541) 776-3564
*Medford, OR 97501*             Fax: (541) 776-3583

October 30, 2014

Steven L. Myers
Attorney at Law
7307 SW Capitol Hwy.
Portland, OR 97219

    Re:    *United States v. Steven Metheny*, Case No. 1:13-CR-00053-PA
            Second Revised Plea Agreement Letter

Dear Counsel:

      The following represents the government's plea offer to resolve the criminal charges against your client, Steven Metheny:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and Steven Metheny (defendant), and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any other charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to Count 1 and Count 8 of the Indictment. Count 1 charges Conspiracy to Commit Mail and Wire Fraud in violation of Title 18, United States Code, Section 1349. Count 8 charges Making a False Statement in violation of Title 18, United States Code, Section 1001.

3.    **Penalties**: The maximum sentence for Count 1 is twenty (20) years imprisonment, a fine of $250,000, three (3) years of supervised release, and a $100 mandatory fee assessment. The maximum sentence for Count 8 is five (5) years imprisonment, a fine of $250,000, three (3) years of supervised release, and a $100 mandatory fee assessment.

4.    **Factual Summary**:

Count 1

      As to Count 1 of the Indictment, defendant is to admit in his plea petition and during his plea colloquy that beginning in and about March 2008 and continuing to in and about October 2008, in the District of Oregon and elsewhere, he knowingly conspired, confederated and agreed

Steven L. Myers
Re: Steven Metheny
Page 2

with Levi Phillips to submit documents with false empty helicopter weights in Carson Helicopter's (Carson) contract bid proposals to the United States Forest Service (Forest Service) knowing that the Forest Service required an accurate empty weight from an actual weighing of each helicopter.

Specifically, Phillips created a formula to figure an estimated empty weight for helicopters that defendant knew had not been actually weighed as required and for the specific purpose of having the estimated empty weight figures submitted in Carson's contract bid proposals to the Forest Service. Defendant used the formula in documents submitted in Carson's contract bid proposals to the Forest Service to conceal that the helicopters had not been actually weighed, all being material to the Forest Service in determining whether the helicopters met minimum contract specifications and in evaluating whether it would eventually be awarded a contract, thereby enabling Carson to receive contract awards and money from the Forest Service that it would not have received otherwise.

Also, defendant admits that he committed the acts as set forth in paragraphs D and E of the overt acts section in Count 1, as amended[1]. Further, in carrying out this scheme to defraud the Forest Service, defendant had the Carson bid proposals for each of the contracts described in the Indictment delivered to the Forest Service in Boise, Idaho, by FedEx, a commercial interstate carrier, as well as sending the false empty helicopter weight for N410GH by email from Grants Pass, Oregon to Boise, Idaho.

Count 8

As to Count 8 of the Indictment, defendant is to admit in his plea petition and during his plea colloquy that on or about April 10, 2008, in the District of Oregon, defendant willfully and knowingly used false Chart B's of the actual weighing of the helicopters submitted in Carson Helicopters Inc. bid proposal submission to the United States Forest Service for the Large Fire Support–Exclusive Use Contract, knowing that they contained materially false statements or entries that the helicopters were weighed as represented on the Chart B's from an actual helicopter weighing.

5. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

---

[1] The parties agree that the USAO will amend, by interlineation, overt acts in E; Striking the word "placed" and inserting the word "caused".

Steven L. Myers
Re: Steven Metheny
Page 3

7. **Relevant Conduct/Base Offense Level**: The parties agree that as to Count 1 of the Indictment, defendant's relevant conduct pursuant to U.S.S.G. § 2B1.1 has a Base Offense Level of 7 prior to adjustments. The parties agree that as to Counts 8 of the Indictment, defendant's relevant conduct pursuant to U.S.S.G. § 2B1.1 has a Base Offense Level of 6 prior to adjustments

8. **Amount of Loss**: The parties agree that any upward adjustment to the offense level pursuant to U.S.S.G. § 2B1.1(b)(1) for the amount of loss under Counts 1 and 8 of the Indictment will be determined by the Court at the time of sentencing.

9. **Sophisticated Means**: Defendant agrees that the fraudulent scheme used in the conspiracy to defraud the United States Forest Service was committed by sophisticated means as that term is defined under the Sentencing Guidelines. Pursuant to U.S.S.G. § 2B1.1(b)(9), the defendant agrees and the parties will recommend that the offense level be adjusted upward two (2) levels.

10. **Risk of Serious Bodily Injury**: Defendant understands that the USAO will be seeking a two-level (2) upward adjustment to the offense level under U.S.S.G § 2B1.1(b)(13) (2008) and/or U.S.S.G. § 2B1.1(b)(12) (2007) based on the offense involving the reckless risk of death or serious bodily injury and that the defendant reserves the right to oppose this upward adjustment.

11. **Abuse of Position of Trust/Use of Special Skill**: Defendant agrees that he abused a position of private trust and used a special skill to significantly facilitate the commission and concealment of the offenses. Pursuant to U.S.S.G. § 3B1.3, the parties agree and will recommend that the offense level be adjusted upward two (2) levels.

12. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than 16). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

13. **Restitution**: Defendant agrees to supply information for the Court to exercise its discretion in fashioning a restitution order, in compliance with the terms of 18 U.S.C. §§ 3663A and 3664(d)(3). Defendant also agrees to accept responsibility for paying full and complete restitution to the victim in an amount to be determined by the court.

14. **Additional Departures, Adjustments, or Variances**: The USAO reserves the right to seek an upward departure, adjustment or variance under 18 U.S.C. §3553(a) up to the equivalent of two (2) levels upward from the applicable sentencing guideline range determined by the Court and understands that the defendant reserves his right to oppose such a request. The USAO agrees not to seek a sentence in excess of that range, except as specified in this agreement.

Steven L. Myers
Re: Steven Metheny
Page 4

15. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guideline Chapter 5K. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel.

16. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

17. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

18. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

19. **Memorialization of Agreement**: This letter states the full extent of the agreement between the parties. No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. By signing this plea agreement, defendant represents that he has done so voluntarily, after reviewing and discussing each aspect of it with his attorney, and no one has threatened or coerced him into accepting this plea agreement. If defendant accepts this offer, please sign and attach the original of this letter and attachments to the Petition to Enter Plea. By accepting this plea agreement, defendant agrees that the agreement be attached and incorporated into his Petition to Enter Plea.

20. **Deadline**: This plea offer expires if not accepted by 5:00 p.m. on October 31, 2014.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

*/s/ Byron Chatfield*

BYRON CHATFIELD
Assistant United States Attorney